J-A27020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VICTOR KHOMENKO AND VLAD KHARKOVER AND YURI ZAIKOFF AND ROBERT DORE AND LARRY RUBIN | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 804 EDA 2021 |
| WILLIAM BUNCH AUCTIONS AND APPRAISALS, LLC AND CATHERINE TSAPENKO AND SERGUEI TSAPENKO | : : : : : | |
| APPEAL OF: VLAD KHARKOVER, YURI ZAIKOFF AND ROBERT DORE | : | |

Appeal from the Order Entered March 17, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2020-0006402

BEFORE:  PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　**FILED DECEMBER 21, 2021**

Vlad Kharkover, Yuir Zaikoff, and Robert Dore (Appellants)[1] appeal from

the order enter in the Delaware County Court of Common Pleas, dismissing

---

[1] As indicated below, Victor Khomenko and Larry Rubin were named plaintiffs in the underlying action.  However, they were not listed in the notice of appeal or in the appellant's brief.  Additionally, neither individual filed a notice with this Court pursuant to Pa.R.A.P. 908, indicating they had no interest in the outcome of the appeal.  Therefore, in accordance with Rule 908, Khomenko and Rubin shall be deemed appellees.  Moreover, Kharkover, Zaikoff, and Dore are the only proper appellants.

their motion for a preliminary injunction.[2]  This case concerns property that was sold at auction pursuant to a divorce proceeding that took place in the state of Delaware and involved the appellees, Catherine Tsapenko ("Wife"), Serguei Tsapenko ("Husband"), and William Bunch Auctions and Appraisals ("Bunch Auctions") (collectively, "Appellees").[3]  Appellants now argue the court erred in denying the motion based on the principles of *res judicata and collateral estoppel*.  Relatedly, Wife filed a motion to dismiss this appeal as moot pursuant to Pa.R.A.P. 1972 and an application to supplement her motion to dismiss with an affidavit from the owner of Bunch Auctions.  Based on the following, we conclude this appeal is moot, and we grant Wife's motion to dismiss as well as her application to supplement the motion.

The trial court set forth the stipulated facts as follows:

> [Khomenko, Rubin, Kharkover, Zaikoff, and Dore (collectively, "Plaintiffs")] in this matter allege[d] that they have delivered and entrusted certain personal property to [Husband], a resident of Delaware, who, [Plaintiffs] allege[d] took possession of the items in order to review their authenticity, valuation, and potentially enhance their worth through inclusion in a book [Husband] said he was writing, and other efforts.  The items include things like weapons produced in Russia; pistols; cigarette cases; metals and stereo equipment.  These items remained at [Husband]'s Delaware home for varying lengths of time, in some cases many years.

---

[2]  In the same order, the court vacated its temporary order of September 29, 2020, which also concerned Appellant's motion for a preliminary injunction.

[3]  Wife filed an appellee's brief, which Bunch Auctions joined.  *See* Bunch Auctions' Notice of No Brief to be Filed, 9/9/2020.  Husband did not file an appellee's brief.

In 2018, [Husband's and Wife's] marriage began to fall apart. Subject to a Delaware Protection from Abuse Order, several firearms were removed from the Tsapenko home and delivered to [Bunch Auctions, which is located in Pennsylvania,] … at that time. Subsequently, [Husband and Wife] went through a divorce proceeding in [t]he Family Court of the State of Delaware in and for New Castle County, during which they reached a settlement agreement regarding the marital property. Pursuant to that settlement agreement, [Wife] would be responsible for all aspects of the auction of marital items in a joint storage unit, including gathering the items and delivering them to [Bunch Auctions] for sale. Pursuant to the Delaware Order, proceeds from the auction were to be provided to [Wife]'s attorney, Gretchen Knight, for distribution to the parties.

The [July 1, 2020, Stipulation and Order Resolving Ancillary Matters Incident to Divorce] specifically provides:

Wife shall be exclusively responsible for all aspects of the auction of all of the marital items in the 'joint' storage unit except the top of the walking stick, the mace and the walking stick (if Wife is able to locate it), which shall be provided to Husband. The action shall be conducted by Bunch Auction House.

It further states:

Husband shall not take a position, make a statement, sign an affidavit or otherwise testify in any proceeding in any other court or otherwise that the items that are in the joint storage unit and are the subject of this paragraph are not the marital property of the parties.

Trial Ct. Op., 6/2/2021, at 3-4.

Husband and Wife were to split the proceeds, with each receiving 50%, except for $45,000, which would be deducted from Husband's share for an amount he owed Wife's attorney. Moreover, Wife was to be reimbursed for additional cost of storage. Prior to the entry of this order and stipulation,

Husband's attorney filed motions to have Zaikoff, Khomenko, and Rubin provide testimony claiming that some of the alleged marital property belonged to Plaintiffs. Husband and Wife entered the stipulation before the court heard the testimony.

In September 2020, Plaintiffs "chose to file a complaint in the Commonwealth of Pennsylvania, where [Bunch Auctions] is located, rather than in the State of Delaware where the divorce and order related to the property up for auction initiated." Trial Ct. Op., 6/2/2021, at 4. In the complaint, Plaintiffs claimed ownership interest in the items that were identified as marital property of Husband and Wife, and thereafter, prepared for auction by Bunch Auctions. Contemporaneously, Plaintiffs also filed a motion for a preliminary injunction, seeking to enjoin the sale of the disputed property. The trial court issued a temporary injunction, and later held a hearing on March 10, 2021.[4]

Following the hearing, the court entered the order at issue, which vacated the temporary injunction order and dismissed Plaintiffs' motion for a preliminary injunction. *See* Order, 3/17/2021. In the order, the court made the following findings of fact:

> 1. The property in possession of and being sold by [Bunch Auctions] identified as 250 lots, consisting of approximately 240 items ... are the subject of a State of Delaware, July 1, 2021

---

[4] During this time, Plaintiffs filed an amended complaint in November 2020.

"Stipulation and Order Resolving Ancillary Matters Incident to Divorce."

2. [Husband's and Wife's] Divorce and marital property issues became final in July of 2020. These same parties had entered into the Stipulated State of Delaware Order ... and Agreement of Sale of personal property by Auction.... This Agreement of Sale with [Bunch Auctions] conforms and complies with the July 1, 202[0] State of Delaware Stipulation and Order.

3. Testimony was offered that [Husband], despite executing the State of Delaware Stipulation and Order and the Agreement of Sale with [Bunch Auctions], had knowledge that certain items provided to the Auctioneer, were items owned by third parties, [Plaintiffs,] in this litigation and not marital property.

4. This Court notes that the items in possession with [Bunch Auctions] were identified for consignment on August 25, 2018 and the Agreement of Sale for said consigned items was signed by both [Husband and Wife] on May 19, 2019.

5. [Plaintiffs] testified that various items delivered for auction are their property.

6. This Court also heard credible, but conflicting, testimony from [Wife] as to ownership of items delivered for auction, claiming that the items to be sold were and are marital property subject to the July 1, 2020 State of Delaware Stipulation and Order.

7. This Court further finds that [Plaintiffs'] Counsel and [Plaintiffs] that testified, had notice and knowledge that [Husband's and Wife's] Divorce, ancillary and marital property issues, including ownership issues involving the personal property being claimed here by [Plaintiffs] were being judicially reviewed in 2020 in the State of Delaware.

8. Under the terms of the July 1, 2020 Final Court Order, ... [Husband's and Wife's] net proceeds from the auction by [Bunch Auctions] shall be provided to [Wife]'s attorney for distribution to both [Husband and Wife] consistent and as directed by the State of Delaware July 1, 2020 Stipulation and Order.

9. *Res judicata* and the requirements of the laws of Commonwealth of Pennsylvania to provide "full faith and credit"

to the State of Delaware's July 1, 2020 "Stipulation and Order Resolving Ancillary Matters Incident to Divorce," ... requires that this Court give *res judicata* effect and enforcement to the State of Delaware divorce order and precludes [Plaintiffs] from circumventing it through this action.

10. The State of Delaware has jurisdiction of issues, including property ownership issues, raised by [Plaintiffs'] Motion for a Preliminary Injunction.

Order, 3/17/2021, at 1-2 (record citations omitted).  Plaintiffs thereafter filed two motions for reconsideration as well as a motion for supersedeas or a stay of judgment. The court denied all three motions.

Appellants subsequently filed a timely notice of appeal.  They also filed a motion for supersedeas under Pa.R.A.P. 1732 in this Court to stay the auction, which we denied on June 14, 2021.

As indicated above, on September 3, 2021, Wife filed a motion to dismiss this appeal as moot pursuant to Rule 1972.  Appellants responded that their appeal is not moot because, *inter alia*, the court based its decision on a misapplication of *res judicata*, collateral estoppel, and the full faith and credit clause, and the error will be repeated throughout the litigation. These matters are now before us.

Appellants raise the following issues on appeal:

1. Do the laws of *res judicata* and full faith and credit require a Pennsylvania court to give effect and enforcement to a State of Delaware divorce order as to personal property ownership rights against third parties who were not parties to the Delaware State court proceeding or the stipulation which gave rise to the divorce order?

- 6 -

2. Do the laws of collateral estoppel and full faith and credit require a Pennsylvania court to give effect and enforcement to a State of Delaware divorce order as to personal property ownership rights against third parties who were not parties to the Delaware State Court proceeding or the stipulation which gave rise to the divorce order?

Appellants' Brief at 2 (italics added).

Before we address the merits of Appellants' claims, we must address Wife's motion to dismiss the appeal as moot. "As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." *Rivera v. Pa. Dept. of Corrections*, 837 A.2d 525 (Pa. Super. 2003) (quotation omitted).  Moreover, "[i]t is well established in this jurisdiction that this Court will not decide moot questions . . . [and] a legal question can become moot on appeal as a result of an intervening change in the facts of the case." *In re Gross*, 382 A.2d 116, 119 (Pa. 1978).

Here, Wife claims the appeal is moot because the items were sold at auctions in July and August 2021.  Wife further points out that the trial court and this Court denied Appellants' request for a stay of the auction.  Wife attached her own affidavit to the motion, stating that the auctions occurred, and all disputed items had been claimed.  *See* Motion of Appellee Catherine Tsapenko to Dismiss Appeal as Moot Pursuant to Pa.R.A.P. 1972, 9/3/2021, at Exhibit 2 (Affidavit of Catherine Tsapenko).  Most recently, Wife filed an application to supplement her motion with the affidavit of William H. Bunch, the owner of Bunch Auctions House, who attested to following: (1) Bunch conducted two auctions concerning the items on July 20, 2021, and August

31, 2021; (2) all auctions items were sold, paid in full, and have been distributed to the purchasers; (3) title to all auction items has been transferred. **See** Application to Supplement Motion of Appellee Catherine Tsapenko to Dismiss Appeal as Moot Pursuant to Pa.R.A.P. 1972 With Affidavit, 12/2/2021, at Exhibit A (Affidavit of William H. Bunch).[5]

In response, Appellants counter that the appeal is not moot. They do not take objection with the fact that the auctions occurred based on Wife's affidavit; however, they refer to it as an "unsubstantiated" statement because it does not provide any additional facts in support of her motion other than a conclusory statement, which they claim is in contravention to Pa.R.A.P. 123 (application for relief).[6] Appellants' Response to Motion of Appellee to Dismiss

_____

[5] On November 12, 2021, this Court issued an order stating we would defer disposition of the application until disposition. **See** Order, 11/12/2021.

[6] It merits mention that Appellants specifically rely on Subsection (b) of Rule 123 to demonstrate Wife's affidavit was not sufficient. However, Subsection (b) concerns an answer to application for relief, and does not discuss affidavits. Subsection (a), which concerns applications for relief, merely states that "[i]f an application is supported by briefs, verified statements, or other papers, they shall be served and filed with the application." Pa.R.A.P. 123(a). Subsection (a) does not provide any further requirement regarding verified statements or affidavits. Moreover, Subsection (c) does address "speaking applications" and states:

> An application or answer which sets forth facts which do not already appear of record shall be verified by some person having knowledge of the facts, except that the court, upon presentation of such an application or answer without a verified statement, may defer action pending the filing of a verified statement or it may in

*(Footnote Continued Next Page)*

Appeal as Moot Pursuant to Pa.R.A.P. 1972, 9/16/2021 at 4. They also alleged there are discrepancies as to when the auctions took place. They noted that in Wife's brief, she alleged that auctions took place on September 15, 2020 and September 21, 2020, but in the two affidavits, Wife and Bunch state the auctions occurred on July 20, 2021 and August 31, 2021. **Compare** Wife's Brief at 7 **with** Motion of Appellee Catherine Tsapenko to Dismiss Appeal as Moot Pursuant to Pa.R.A.P. 1972, 9/3/2021, at Exhibit 2 (Affidavit of Catherine Tsapenko) **and** Application to Supplement Motion of Appellee Catherine Tsapenko to Dismiss Appeal as Moot Pursuant to Pa.R.A.P. 1972 With Affidavit, 12/2/2021, at Exhibit A (Affidavit of William H. Bunch).

We conclude this action is moot. With their motion for a preliminary injunction, Appellants sought to enjoin the auction of the items at issue. As noted above, they do not dispute that the auctions have occurred. We have the benefit of Wife's and Bunch's affidavits.[7] Both averred the auctions took

---

its discretion act upon it in the absence of a verified statement if the interests of justice so require.

Pa.R.A.P. 123(c). However, Appellants have not demonstrated that under Subsection (c), Wife's affidavit was a "speaking application" or that it would be insufficient where she would be a person having knowledge about the auction proceedings.

[7] While we acknowledge the discrepancies between the dates, we find this is a distinction without a difference. We can reasonably infer, based on Wife's brief and the two affidavits, that the earlier auctions concerned a portion of the property and that the later auctions handled the remainder of the items. **See i.e.**, Motion of Appellee Catherine Tsapenko to Dismiss Appeal as Moot
*(Footnote Continued Next Page)*

place, the items at issue have been purchased, and title for those contested items has transferred. As such, that intervening change in the facts of this case renders the present appeal is moot.

Appeal dismissed. Wife's motion to dismiss appeal as moot granted. Wife's application to supplement motion to dismiss granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021

---

Pursuant to Pa.R.A.P. 1972, 9/3/2021, at Exhibit 2 (Affidavit of Catherine Tsapenko) ("On July 20, 2021, Bunch conducted the auction and generated sales of the **vast majority** of marital assets[.]") (emphasis added).